J-A02044-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| H.M., | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellant | |
| | v. | |
| S.B., | | |
| | Appellee | No. 1212 WDA 2017 |

Appeal from the Order Dated July 26, 2017
In the Court of Common Pleas of Butler County
Civil Division at No(s): F.C. No. 17-90420-C

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED MARCH 02, 2018

Father, H.M., appeals from an order of court, entered in the Butler County Court of Common Pleas, that relinquished jurisdiction of the parties' custody litigation from Pennsylvania to Arkansas.  After careful consideration, we conclude that the trial court erred in its application of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA[1]," 23 Pa.C.S.A. §5401, et seq.)  According, we are constrained to reverse the trial court's order and remand for further proceedings.

The pertinent history discloses the following facts:

_____

[1] Arkansas has also adopted the UCCJEA. See A.C.A. §9-19-101, et seq.

Father and Mother, S.B., are the parents of one child, L.B. The parties met while attending college in Pennsylvania. Their brief relationship resulted in Mother's pregnancy. The child was born in Arkansas in April 2016. Mother remained with the child in Arkansas until she moved to Florida three months later in July 2016. Mother and child stayed in Florida for two months, from July 2016 to late August 2016. For the next five months, from August 2016 to February 2017, Mother and child resided in Butler County, Pennsylvania, with her mother, step-father and grandfather. While in Butler, she filed for child support against Father. On February 1, 2017, Father filed for custody in Northumberland County, Pennsylvania. That same day, Mother absconded with the child to Florida for ten days before moving back to Arkansas.

For four months, from February 2017 to May 2017, Mother and child were in Arkansas until Mother was evicted. Mother and child agreed to go back to Father's home in Northumberland, Pennsylvania. This arrangement lasted a mere two weeks before Mother and child left, again without notice, to stay with her parents in Butler, Pennsylvania, for an indeterminable amount of time before she left with the child again to Arkansas. Significantly, the child was never in the same place for six months or longer.

Meanwhile, Father's custody case in Northumberland County had been transferred to Butler County; a custody conciliation was set for September 2017. Since May 2017, Mother had evidently been withholding the child from Father. Father obtained emergency relief for interim custody on July 18, 2017.

Days later, on July 21, 2017, Mother filed for custody in Arkansas, where she alleged Arkansas was the home state. On July 25, 2017, the Butler County trial court conducted a hearing on jurisdiction. After consulting the trial court in Washington County, Arkansas, the Butler County court transferred jurisdiction. The child support case in Pennsylvania has remained active since its inception. Father appeals the transfer of jurisdiction in the custody matter.

Father raises three issues on appeal:

1. Whether Pennsylvania has jurisdiction of the above-captioned custody action pursuant to the UCCJEA?

2. Whether the Pennsylvania trial court erred in relinquishing custody to Arkansas?

3. Whether the relinquishment of custody by the Pennsylvania trial court to Arkansas was contrary to the UCCJEA when the findings of the Pennsylvania trial court, after a hearing on jurisdiction, support significant contacts with Pennsylvania, and when the custody action was filed in Pennsylvania approximately six (6) months before any action was initiated in Arkansas?

Our standard of review for questions involving jurisdiction is well settled:

A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

Wagner v. Wagner, 887 A.2d 282, 285 (Pa. Super. 2005)

Our review is deferential to the trial court's role as the ultimate arbiter of fact. J.M.R. v. J.M., 1 A.3d 902, 911 (Pa.Super. 2010). Accordingly, we will not disturb the trial court's factual findings or credibility determinations that the certified record supports. Id. ("We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations.") Although bound by the trial court's findings of fact, we are not bound by the deductions or inferences drawn from those facts by the trial court. Wagner, 887 A.2d. at 290. (citation omitted).

We begin our analysis by noting that these proceedings were commenced first in Pennsylvania. See 23 Pa.C.S.A. § 5402 (Commencement: The filing of the first pleading in a proceeding.) Next, we note that no state meets the statutory definition of "home state." Id. (Home state: The state in which a child lived with a parent ... for at least six consecutive months immediately before the commencement of a child custody proceeding[.]) Id. Finally, while Pennsylvania was the first state to issue a custody order, the order was merely an interim award, and one that was not reached after a hearing on the merits. Id. (Initial determination: the first child custody determination concerning a particular child.).

As such, the dispositional starting line is § 5421 "Initial Child Custody Jurisdiction." Although Father raised three separate issues on appeal, the only question before this Court is whether the trial court misapplied this section

- 4 -

Section 5421(a) provides in pertinent part:

> General rule.--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:
>
> (1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;
>
> (2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:
>
> the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and
>
> substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships
>
> (3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or
>
> (4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2) or (3).

23 Pa.C.S.A. § 5421(a)

Arkansas' version of 23 Pa.C.S.A. §5421 is codified at A.C.A. §9-19-201, and the two sections are identical in substance. Therefore, the analysis is the

- 5 -

same. The trial court noted that the child and a parent have not been in Pennsylvania for the requisite six months prior to the commencement of Father's action. As such, the trial court properly recognized Pennsylvania would not qualify as the "home state" and concluded that § 5421(a)(1) does not provide a basis for jurisdiction. See Trial Court Opinion, 7/27/17, at 2-3.

Next, the trial court examined § 5421(a)(2). The first prong of this test requires this Court to determine whether any other state may assume jurisdiction under the "home state" test. See 23 Pa.C.S.A. § 5421(a)(2); see also McCoy v. Thresh, 862 A.2d 109, 112 (Pa. Super. 2004) (Pennsylvania courts will not assume jurisdiction under "significant connections" principle unless it appears that no other state can assume jurisdiction under statutory prerequisites substantially similar to Pennsylvania law). The trial court similarly found that Arkansas does not meet the definition of "home state."

While Father's argument for Pennsylvania jurisdiction survives the threshold criteria of § 5421(a)(2), the trial court found that he failed to meet the requirements of § 5421(a)(2)(i) or § 5421(a)(2)(ii). See Trial Court Opinion, 7/27/17, at 3. Specifically, the trial court found that there was neither substantial evidence that the child has a significant connection to the Commonwealth, nor evidence of the child's care, protection, training and personal relationships was available in the Commonwealth. Id.

However, the trial court determined that Arkansas met this test. But the only evidence the trial court cited was that: 1) At the time of the

jurisdiction hearing, Mother leased an apartment in Arkansas; 2) All of the child's medical care has been in Arkansas; 3) When working, Mother enrolled the child in daycare in Arkansas. Trial Court Opinion, 7/27/17, at 3. Id. This analysis is fatally deficient.

We have described the purpose of the "significant connections" test as a test designed to limit jurisdiction rather than to proliferate it. Wagner, 887 A.2d at 289. There must be maximum rather than minimum contact with the state. Id. (citation omitted).

To begin with, all of the trial court's cited facts occurred after Father filed his custody petition in Pennsylvania. These facts did not exist on February 1, 2017, which is the time frame the trial court needed to consider when analyzing the connections to Arkansas and Pennsylvania. Moreover, Father could largely argue the same points. He had a place to live. If given the opportunity, he could provide adequate childcare while he was working or in school. Furthermore, the court cited Mother's housing, but not her previous homelessness. The court cited Mother's employment, but not her previous unemployment. Also concerning is whether, as the trial court found, Mother has only provided medical care for the child while the child was in Arkansas. The trial court evidently did not consider to what extent, if any, Mother's deceitful actions have prevented Father and child from being able to establish a significant connection to the Commonwealth. The trial court also discounted both the entirety of the child's extended family, as both sides reside in

Pennsylvania, as well as the extent to which Mother has gone to them for help raising the child.

It was an abuse of discretion for the trial court to conclude that Mother and the child have a significant connection to Arkansas. This constitutes a reversible error. However, we need not determine that Father and child (or, for that matter, Mother and child) have a significant connection to our Commonwealth. In this instance, § 5421 makes clear Pennsylvania has jurisdiction regardless of whether there is a significant connection to Pennsylvania. Section 5421(a)(3) is inapplicable, because while Arkansas was amenable to accepting jurisdiction, as we have noted above, Arkansas did not meet the criteria to do so under either § 5421(a)(1) nor (a)(2). This leaves only § 5421(a)(4): a court in this Commonwealth has jurisdiction to make an initial child-custody determination when no other court would have jurisdiction under § 5421(a)(1)-(3).

We also point out that our decision here reversing the trial court's relinquishment is not a determination that the case necessarily belongs in the Butler County Court of Common Pleas. Procedurally, the matter must be remanded back to the Butler trial court, but it is for the trial court to determine

whether the proper venue is in Butler County or in another county of this Commonwealth.[2]

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Bowes joins in this Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2018

_____

[2] We recognize that these proceedings might be delayed, as Father alleged at oral argument that Mother is actively avoiding detection in Arkansas, and he does not know her current whereabouts with the child. The trial court may temporarily suspend the disbursement of Mother's child support to compel Mother to provide her current address and phone number, or appear in court with the child for a custody hearing.